# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | X | |
| A.J. WHITE, | : | Case No. 07-CIV-8006 (DAB) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **(Filed Electronically)** |
| | : | |
| CANTOR FITZGERALD, L.P., BGC | : | |
| PARTNERS, L.P., BGC CAPITAL | : | |
| MARKETS, L.P., DANIEL M. | : | |
| LaVECCHIA, and KEVIN McNULTY, | : | |
| | : | |
| Defendants. | X | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO STAY OR DISMISS THIS ACTION IN FAVOR OF ARBITRATION</u>**

**SAUL EWING LLP**
750 College Road East – Suite 100
Princeton, New Jersey 08540
(609) 452-3100
Michael A. Lampert (ML1064)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ...................................................................................................2

LEGAL ARGUMENT..........................................................................................................5

POINT I:      Statutes and Case Law Favor Arbitration ............................................5

POINT II:     This Action Should be Dismissed in Favor of Arbitration ...................7

        A.    New York Contract Law and the FAA Both Compel Arbitration of Plaintiff's
              Claims .............................................................................................................7

        B.    The Arbitration Agreement and Plaintiff's Employment Agreement Both
              Provide for Arbitration as the Exclusive Forum for Plaintiff's Claims .................8

        C.    All of Plaintiff's Claims are Subject to Arbitration .................................9

POINT III:    Plaintiff Has No Valid Defense to Enforcement of the Parties' Arbitration
              Agreements ...................................................................................................10

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

Benson v. Lehman Brothers, Inc., 2005 WL 1107061 (S.D.N.Y. 2005)............................9

Berger v. Cantor Fitzgerald Securities, 967 F. Supp. 91 (S.D.N.Y. 1997)........................6

Chamois v. Countrywide Home Loans, 2003 U.S. Dist. LEXIS 23202
    (S.D.N.Y. 2003)................................................................................................................9

Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001) ......................................5

Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213 (1985)....................................5

Desiderio v. National Association of Securities Dealers,
    191 F.3d 198 (2d Cir. 1999)..............................................................................6, 9

Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. 2006).............................6

Fletcher v. Kidder, Peabody & Co., 81 N.Y.2d 623 (N.Y. 1993)......................................9

Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2d Cir. 1987) ............................7

Gilmer v. Interstate/Johnson Lane, 500 U.S. 20 (1991) ......................................5

JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163 (2d Cir. 2004)...............................5, 6

Margalioth v. Merrill Lynch Pierce Fenner & Smith,
    695 F. Supp. 756 (S.D.N.Y. 1988) ...............................................................5

Martens v. Smith Barney, 238 F. Supp. 2d 596 (S.D.N.Y. 2002) .......................................9

Martin v. SCI Mgmt. L.P., 296 F. Supp. 2d 462 (S.D.N.Y. 2003).....................................9

Mehler v. Terminix Int'l Co., 205 F.3d 44 (2d Cir. 2000)...................................................5

Milgrim v. Backroads, Inc., 142 F. Supp. 2d 471 (S.D.N.Y. 2001) ....................................6

Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,
    460 U.S. 1 (1983)............................................................................................6

Norcom Electronics Corp. v. CIM USA, Inc., 104 F. Supp. 2d 198
    (S.D.N.Y. 2000).............................................................................................6, 8

Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) ..........................10

Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72 (2d Cir. 1998)..........................................6

Smith v. Professional Security Bureau, 225 F. Supp. 2d 395 (S.D.N.Y. 2002) ..............5, 9

WorldCrisa Corp. v. Armstrong, 129 F.3d 71 (2d Cir. 1997)..............................................5

## <u>PRELIMINARY STATEMENT</u>

Plaintiff A.J. White (formerly Adeline Peff) filed this action against Defendants in direct contravention of the Employment Agreement she executed in conjunction with her employment at BGC Capital Markets, L.P.  Plaintiff's suit is likewise in contravention of the Arbitration Agreement and Policy ("Arbitration Agreement") she had executed earlier when she first joined BGC Partners, L.P.  Those agreements unambiguously provide that any dispute arising between Plaintiff and Defendants related to her employment shall be resolved through arbitration.  They also specifically state that claims for employment discrimination arising under Title VII and corresponding state and local statutes – the claims asserted by Plaintiff in this action – are subject to arbitration.  Courts have regularly enforced provisions such as these.

Plaintiff's Complaint does not refer to the Arbitration Agreement or the Employment Agreement's arbitration provision.  The Complaint suggests, however, that the Employment Agreement is unenforceable because it contains an allegedly unlawful liquidated damages provision.  That contention is irrelevant to arbitration of this dispute for two reasons.  First, unless the arbitration provision is void (which Plaintiff does not allege), the validity of the liquidated damages provision is a question for the arbitrator, not this Court.  Second, the Employment Agreement includes a severability provision.

By way of this motion, Defendants seek to have this proceeding dismissed or stayed in favor of arbitration in accordance with the Employment Agreement and Arbitration Agreement as required by both federal and state law.

## STATEMENT OF FACTS

Plaintiff was an at-will employee of BGC Partners, L.P. from May 2004 through January 2005.  In connection with her commencement of work, Plaintiff executed the Cantor Fitzgerald Arbitration Agreement and Policy in May 2004.  See Arbitration Agreement and Policy, Exhibit A to Declaration of Michael A. Lampert ("Lampert Decl.").   The Arbitration Agreement expressly provides that Plaintiff's claims are subject to arbitration:

> **COVERAGE OF ALL CLAIMS OF ANY KIND:**
> The disputes or claims subject to arbitration include any and all claims, demands or actions of any kind involving you and any Cantor Fitzgerald Group Company[1] (or any person employed by or an agent of or a partner of a Cantor Fitzgerald Group Company), including those arising out of the Employee Handbook, Conduct and Compliance Manuals, *those related to* employment, employment discrimination, compensation or benefits, and including any tort claim or claim under any federal, state, or local statute, regulation or ordinance (and any amendments thereto), *such as Title VII of the Civil Rights Act of 1964*, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the Employee Retirements Income Security Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act (and any amendments to the foregoing), *and any similar federal, state, or local statute, regulation, or ordinance* and any and all claims under the common law of any state or otherwise.

Id. at 2 [emphasis added].

The Arbitration Agreement further provides:

> You further understand that in the event that you are an employee with a duly executed written employment agreement signed by you and an authorized signatory of the applicable Cantor Fitzgerald Group Company, the arbitration of any disputes shall be as set forth in your written employment agreement.  If your written

---

[1] "Cantor Fitzgerald Group Company" is defined in the Agreement as: "Cantor Fitzgerald, L.P. and its affiliates, including without limitation CF Group Management, Inc., Cantor Fitzgerald Securities, Cantor Fitzgerald & Co., Cantor Fitzgerald Partners, Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Associates, L.P., eSpeed, Inc., TradeSpark, L.P. and eSpeed Government Securities, Inc. (individually or collectively)…"  See id. at 2.  BGC is an affiliate, ultimately controlled by Cantor Fitzgerald, L.P., which is why Plaintiff executed this Arbitration Agreement upon her commencing work with BGC and why she has (incorrectly we believe) named Cantor Fitzgerald, L.P. as a Defendant.

employment agreement makes no provision for the arbitration of
disputes, then this Arbitration Agreement and Policy shall govern.

Id. at 6.

In January 2005, Plaintiff negotiated an individual employment contract with BGC
Capital Markets, L.P.[2] That Employment Agreement changed her employment status from at-
will to a term of two years, automatically renewable unless terminated earlier.  Plaintiff's
Employment Agreement provides:

> [A]ny disputes, differences or controversies arising under this
> Agreement shall be settled and finally determined by arbitration
> before a panel of three arbitrators in New York, New York,
> according to the rules of the National Association of Securities
> Dealers, Inc. (or, at BGC's sole discretion, the American
> Arbitration Association or any other alternative dispute resolution
> organization) now in force and hereafter adopted and the laws of
> the state of New York then in effect . . . .
>
> It is expressly agreed that arbitration as provided herein
> shall be the exclusive means for determination of all matters
> arising in connection with this Agreement and neither party hereto
> shall institute any action or proceeding in any court of law or
> equity . . . .

See Employment Agreement, Exhibit B to Lampert Decl.

Plaintiff resigned from BGC Capital Markets, L.P. on January 17, 2006.  On March 22,
2006, Plaintiff filed charges of sex-based discrimination with the Equal Employment
Opportunity Commission ("EEOC").  See Charges of Discrimination, Exhibit A to Plaintiff's
Complaint.  After an investigation, the EEOC issued a Notice of Right to Sue on August 28,
2007.  See Exhibit C to Plaintiff's Complaint.  On September 12, 2007, Plaintiff filed this action.
Plaintiff asserts related causes of action for employment discrimination, constructive discharge,
and retaliation in violation of Title VII, the New York State Human Rights Law, and New York

---

[2] BGC Capital Markets, L.P. is a wholly-owned subsidiary of BGC Partners, L.P.

City's Human Rights Law.  Defendants now move to dismiss or stay this action in favor of arbitration based on the express language of Plaintiff's Employment Agreement and Arbitration Agreement.

## LEGAL ARGUMENT

### Point I

### Statutes and Case Law Favor Arbitration

Arbitration clauses in employment contracts other than those for transportation workers are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001). The FAA was designed to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985). The FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004) (citation omitted).

Federal policy also favors broad construction of arbitration clauses. Under section 3 of the FAA, a District Court "must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74 (2d Cir. 1997). Where, as here, a claim falls squarely within the parties' arbitration agreement, the court should dismiss that claim. See e.g., Smith v. Professional Security Bureau, 225 F. Supp. 2d 395, 397 (S.D.N.Y. 2002); Margalioth v. Merrill Lynch Pierce Fenner & Smith, 695 F. Supp. 756, 757 (S.D.N.Y. 1988). Indeed, in every case it has decided in the last fifteen years, the Supreme Court has enforced arbitration agreements between the parties thereto. See e.g., Circuit City, 532 U.S. at 105 (employment agreements not excluded from Arbitration Act); Gilmer v. Interstate/Johnson Lane, 500 U.S. 20 (1991) (NYSE Arbitration of Age Discrimination in Employment Act claim).

Whether a particular issue is subject to arbitration is a matter of contract interpretation. Mehler v. Terminix Int'l Co., 205 F.3d 44, 48 (2d Cir. 2000). However, given the strong federal

policy favoring arbitration, under the Federal Arbitration Act, any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration.  Norcom Electronics Corp. v. CIM USA, Inc., 104 F. Supp 2d 198, 202 (S.D.N.Y. 2000) (quoting Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1 (1983)).

A court deciding a motion to compel arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration.  Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998);  see also JLM Indus., 387 F.3d at 169.  Here, both the Arbitration Agreement and the Employment Agreement contain broad arbitration provisions, meeting the first two tests.  Title VII claims having been expressly held to be arbitrable, Desiderio v. National Association of Securities Dealers, 191 F.3d 198 (2d Cir. 1999), and given the breadth of the clauses, there are no non-arbitrable claims.  Once those determinations are made, the court has the discretion to dismiss or to stay the litigation pursuant to section 3 of the FAA.  Milgrim v. Backroads, Inc., 142 F. Supp 2d 471 (S.D.N.Y. 2001); Berger v. Cantor Fitzgerald Securities, 967 F. Supp. 91, 96 (S.D.N.Y. 1997) (holding that a broker was subject to the arbitration provision in his executed U-4 National Association of Securities Dealers form); Stern v. eSpeed, Inc., 2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. 2006).

<u>Point II</u>

<u>This Action Should be Dismissed In Favor of Arbitration</u>

This action should be dismissed or stayed in favor of arbitration because: (1) Plaintiff voluntarily executed the Employment Agreement and the Arbitration Agreement; (2) both agreements expressly provide for arbitration as the exclusive forum for resolution of disputes between the parties, including those related to employment discrimination; and (3) it is well settled that employment discrimination claims asserted under Title VII, New York State's Human Rights Law, and New York City's Human Rights Law may be subject to binding arbitration.

**A.    New York Contract Law and the FAA Both Compel Arbitration of Plaintiff's Claims**

Under general contract principles, parties are bound by the terms of their executed contracts, unless they can show special circumstances that would relieve them of their contractual obligations.  <u>See</u> <u>Genesco, Inc. v. T. Kakiuchi & Co.</u>, Ltd., 815 F.2d 840, 845 (2d Cir. 1987).  Plaintiff entered into an Arbitration Agreement with BGC Partners, L.P. upon commencing employment, she does not argue that her consent was improperly obtained, and she cannot otherwise show special circumstances that would relieve her of her obligations under the Arbitration Agreement.  Plaintiff also entered into a valid Employment Agreement with BGC Capital Markets, L.P. that improved her at-will status and required her to arbitrate all "disputes, differences or controversies arising under" her Employment Agreement.  Accordingly, Plaintiff is bound by those agreements and has agreed to arbitrate her claims to the extent of those agreements.

**B.    The Arbitration Agreement and Plaintiff's Employment Agreement Both Provide for Arbitration as the Exclusive Forum for Plaintiff's Claims**

In determining whether a dispute is arbitrable, courts review the underlying factual allegations to ascertain whether the claims fall within the arbitration provision.    Norcom Electronics, 104 F.Supp.2d at 203.    In that regard, the Court should examine Plaintiff's allegations of employment discrimination, retaliation, and constructive discharge in reference to the agreements she signed.    The Arbitration Agreement executed by Plaintiff broadly provides for arbitration of

> any and all claims, demands or actions of any kind involving [Plaintiff] and any Cantor Fitzgerald Group Company (or any person employed by or an agent of or a partner of a Cantor Fitzgerald Company), *including . . . those related to employment, employment discrimination, compensation or benefits,* and including any tort claim *or claim under any federal, state, or local statute, regulation or ordinance (and any amendments thereto), such as Title VII of the Civil Rights Act of 1964,* The Americans With Disabilities Act of 11990, The Employee Retirements Income Security Act, The Family and Medical Leave Act of 1993, The Fair Labor Standards Act (and any amendments to any of the foregoing), *and any similar federal state or local statute, regulation, or ordinance* and any and all claims under the common law of any State or otherwise.

Arbitration Agreement, at 2 [emphasis added], Exhibit A to Lampert Decl.

The Employment Agreement executed by Plaintiff provides that arbitration "shall be the exclusive means for determination of *all matters* arising in connection with this Agreement and neither party hereto shall institute any action or proceeding in any court of law or equity." Employment Agreement, at 7 [emphasis added] Exhibit B to Lampert Decl.

Considering that Plaintiff signed both agreements and agreed that "all matters" and "any claim," including a claim for employment discrimination, would be settled by binding arbitration, there is no doubt that the factual allegations of Plaintiff's Complaint are within the

scope of both agreements.  The counts of her Complaint, for violations of Title VII, the New York State Human Rights Law, and the New York City Administrative Code, fall within the express language of both agreements.  Where, as here, a claim falls squarely within the parties' arbitration agreement, the court should dismiss that claim.  Smith v. Professional Security Bureau, 225 F. Supp. 2d 395, 397 (S.D.N.Y. 2002).

## C.     All of Plaintiff's Claims are Subject to Arbitration

The Second Circuit has held that Congress intended Title VII claims to be subject to arbitration.  See e.g., Desiderio v. National Association of Securities Dealers, 191 F.3d 198 (2d Cir. 1999) (holding that Title VII claims are subject to mandatory arbitration provision); see also, Martens v. Smith Barney, 238 F.Supp.2d 596, 601 (S.D.N.Y. 2002).  Similarly, it is well-settled that state and local discrimination claims under New York State's Human Rights Law, and New York City's Administrative Code are also arbitrable.  See Fletcher v. Kidder, Peabody & Co., 81 N.Y.2d 623, 638 (N.Y. 1993); see also Benson v. Lehman Brothers, Inc., 2005 WL 1107061 (S.D.N.Y. 2005) (compelling arbitration of sexual discrimination claims under Title VII and New York State and City Human Rights Laws); Martin v. SCI Mgmt. L.P., 296 F.Supp.2d 462, 467 (S.D.N.Y. 2003); Chamois v. Countrywide Home Loans, 2003 U.S. Dist. LEXIS 23202 (S.D.N.Y. 2003) (same).

Plaintiff asserts the same claims as those raised in Fletcher, Benson, Martin, and Chamois and her suit is therefore subject to arbitration.[3]

---

[3] Because all of Plaintiff's claims in this action are subject to arbitration, there is no need to consider whether to stay any non-arbitrable claims against Defendants while the arbitration proceeds.  See Perry, 2004 WL 1698622.

**Point III**

**Plaintiff Has No Valid Defense to Enforcement of the Parties'**
**Arbitration Agreements**

Although Plaintiff's Complaint does not acknowledge either arbitration provision, Plaintiff suggests that the Employment Agreement is "unlawful and unenforceable" because it contains an allegedly illegal liquidated damages clause. However, the enforceability of the liquidated damages provision does not affect the arbitrability of this dispute. If parties agree to a broad arbitration clause, all disputes within that agreement are subject to arbitration, even if they relate to the enforceability of the contract as a whole. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). Plaintiff does not allege any impropriety regarding her agreement to arbitrate. Thus, because Plaintiff agreed to arbitrate "all matters" arising from her Employment Agreement, she is required to arbitrate the validity of the liquidated damages provision.

Further, Plaintiff's Employment Agreement provides that the "invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions and this Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted." See Employment Agreement, at 8, Exhibit B to Lampert Decl. Consequently, Plaintiff's allegations regarding the liquidated damages provision, even if proven true, do not affect the enforceability of the arbitration clause.

## <u>CONCLUSION</u>

Because Plaintiff A.J. White commenced this action in direct contravention of the Arbitration Agreement and her Employment Agreement, Defendants Cantor Fitzgerald, L.P., BGC Partners, L.P., BGC Capital Markets, L.P., Daniel M. LaVecchia, and Kevin McNulty respectfully request an Order enforcing Plaintiff's promise to arbitrate by staying or dismissing this action pending an arbitration of her claims and granting any further relief this Court deems just and proper.

Respectfully submitted,

SAUL EWING LLP
Attorneys for Defendants.

By: s/ _____
    MICHAEL A. LAMPERT (ML1064)
    Saul Ewing LLP
    750 College Road East – Suite 100
    Princeton, New Jersey 08540
    (609) 452-3100

Dated:  October 9, 2007